In re the Appeal of Tillie
OLSON, Respondent,

v.

CHIPPEWA COUNTY SOCIAL
SERVICES, et al.,
Appellants.

No. C3–93–1871.

Court of Appeals of Minnesota.

April 19, 1994.

Review Denied June 29, 1994.

In this case we use .3375 because this is the figure used in third-party MAK Oil's brief.

Hubert H. Humphrey, III, Atty. Gen., Alison E. Colton, Asst. Atty. Gen., St. Paul, and David M. Gilbertson, Chippewa County Atty., Montevideo, for appellant.

John Sellner, Prindle, Maland, Sellner, Stennes & Knutson, Montevideo, for respondent.

Considered and decided by PETERSON, P.J., and SHORT and KLAPHAKE, JJ.

## OPINION

PETERSON, Judge.

The Commissioner of Human Services determined that respondent Tillie Olson was ineligible to receive long-term care services for 30 months because she and her husband made prohibited transfers of assets to their adult children. The district court determined that respondent was ineligible to receive long-term care services for 17 months and reversed the decision of the commissioner. We reverse the decision of the district court.

## FACTS

Tillie Olson and her husband, Arthur Olson, each owned a one-half interest in a farm as tenants in common. In October 1990, Tillie Olson was admitted to a nursing home. Two days later, Arthur Olson was also admitted to the nursing home. On December 26, 1990, the Olsons signed a contract for deed to sell their farm for $106,500. Upon closing the sale on January 2, 1991, the Olsons retained the $15,975 down payment and an initial $9,825 payment. On January 3, 1991, the Olsons transferred their vendors' interest in the contract for deed to their three adult children for no consideration. The total value of the vendors' interest was $80,700.

Arthur Olson died in April 1992. In August 1992 Tillie Olson applied to Chippewa County for medical assistance payments for long-term care services. Chippewa County determined that the Olsons' transfer of their vendors' interest to their children without consideration was a prohibited transfer of assets under Minn.Stat. § 256B.0595, subd. 1 (1992), which made Olson ineligible to receive long-term care services for 30 months. The county used $80,700, the total value of the vendors' interest, to calculate the period of ineligibility under Minn.Stat. § 256B.0595, subd. 2 (1992).

Olson appealed the county's decision to the Commissioner of Human Services, who affirmed the county's decision. Olson appealed the commissioner's decision to the district court arguing that the county should use only the value of her share of the vendors' interest in the contract for deed, $40,350, to determine the period of ineligibility. The district court agreed, reversed the commissioner's decision, and ruled that the period of ineligibility is 17 months.

## ISSUE

When spouses both make a prohibited asset transfer and one spouse is determined to be ineligible to receive medical assistance payments for long-term care services because the prohibited transfer was made, is the value of both spouses' interests in the asset transferred used to determine the period of ineligibility?

## ANALYSIS

 On review, an appellate court must examine an agency's decision independently and need not accord any special deference to the district court's review. *Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 824 (Minn. 1977). When interpretation of a statute is at issue, a reviewing court is not bound by the agency's determination. *Arvig Telephone Co. v. Northwestern Bell Telephone Co.,* 270 N.W.2d 111, 114 (Minn.1978). An agency's decision is entitled to some deference when "(1) the statutory language is technical in nature, and (2) the agency's interpretation is one of long-standing application." *Id.* An agency's determination may be reversed if it is affected by an error of law. Minn.Stat. § 14.69(d) (1992).

 Olson does not dispute that the transfer of the vendors' interest in the contract for deed was a prohibited transfer under Minn. Stat. § 256B.0595, subd. 1(a) (1992) and that this transfer makes her ineligible to receive medical assistance. She argues only that the value of her husband's interest in the contract for deed should not have been added to the value of her interest to calculate her period of ineligibility.

Minn.Stat. § 256B.0595, subd. 1(a) provides:

If a person *or the person's spouse* has given away, sold, or disposed of, for less than fair market value, any asset or interest therein, except assets other than the homestead that are excluded under section 256B.056, subdivision 3, within 30 months before or any time after the date of institutionalization if the person has been determined eligible for medical assistance, or within 30 months before or any time after the date of the first approved application for medical assistance if the person has not yet been determined eligible for medical

assistance, *the person is ineligible for long-term care services for the period of time determined under subdivision 2.*

(Emphasis added.)

Minn.Stat. § 256B.0595, subd. 2 provides: For any uncompensated transfer, the number of months of ineligibility for long-term care services shall be the lesser of 30 months, or the uncompensated transfer amount divided by the average medical assistance rate for nursing facility services in the state in effect on the date of application.[1] * * * The uncompensated transfer amount is the fair market value of the asset at the time it was given away, sold, or disposed of, less the amount of compensation received.

The district court determined that a literal application of the language in Minn.Stat. § 256B.0595, subd. 2 could not be reconciled with Minn.Stat. § 256B.059 (1992), which permits spouses to divide their assets at the time one of the spouses is institutionalized or applies for medical assistance to limit consideration of each spouse's assets when determining whether the other spouse qualifies to receive medical assistance. The district court concluded that, under Minn.Stat. § 256B.059, Arthur Olson's assets were unavailable for purposes of determining Tillie Olson's eligibility for medical assistance, and, therefore, only the value of Tillie Olson's interest in the contract for deed could be used to determine her period of ineligibility.

The district court correctly observed that the Olsons could have divided their assets under Minn.Stat. § 256B.059 and limited the use of each spouse's assets to pay for long-term care services received by the other spouse. But the Olsons did not attempt to divide their interests in the contract for deed; they gave away their interests.

The fact that there is a separate statutory procedure that the Olsons could have followed to limit the use of Arthur Olson's assets to pay for Tillie Olson's long-term care services does not alter the plain meaning of Minn.Stat. § 256B.0595, subd. 1(a). The district court erred by inserting the limitation

1. The parties agree that the average medical assistance rate for nursing facility services in the state in August 1992 was $2,377.

available under Minn.Stat. § 256B.059 into the unambiguous language of Minn.Stat. § 256B.0595, subd. 2.

The provisions of Minn.Stat. § 256B.059 and Minn.Stat. § 256B.0595 are not irreconcilable. The two sections address different factual situations. Section 256B.059 addresses a situation where a person transfers an asset to that person's spouse. Section 256B.0595 addresses a situation where a person or that person's spouse transfers an asset to a third party. The legislature chose to treat these different factual situations differently.

The Olsons' transfer of their interests in the contract for deed to their children without compensation was a prohibited asset transfer under Minn.Stat. § 256B.0595, subd. 1(a). Minn.Stat. § 256B.0595, subd. 1(a) expressly applies to asset transfers by "a person or the person's spouse" and makes a person ineligible for long-term care services if a prohibited transfer is made by either the person or the person's spouse.

Under Minn.Stat. § 256B.0595, subd. 2, the "uncompensated transfer amount" is used to determine the period of ineligibility. The "uncompensated transfer amount" is defined as

the fair market value of the asset at the time it was given away, sold, or disposed of, less the amount of compensation received.

*Id.* The uncompensated transfer amount includes the value of any asset transferred by a person or that person's spouse in a prohibited transfer.

### DECISION

The transfer of the vendors' interest in the contract for deed was a prohibited transfer under Minn.Stat. § 256B.0595, subd. 1(a) (1992). The value of the asset transferred was $80,700. No compensation was received for the transfer. The amount used to determine Tillie Olson's period of ineligibility for long-term care services is $80,700.

**Reversed.**